ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| EDWIN PIÑEIRO GONZÁLEZ<br><br>Recurrido<br><br>v.<br><br>ZULEYKA MELÉNDEZ TORRENS<br><br>Peticionaria | KLCE202500628 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2023RF00019<br><br>Sobre: Custodia-Relaciones Filiales |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de julio de 2025.

Compareció la peticionaria, la señora Zuleyka Meléndez Torrens (en adelante, "señora Meléndez" o "peticionaria"), mediante un recurso de *Certiorari* presentado el 6 de junio de 2025. Nos solicitó la revocación de la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, "foro primario" o "foro recurrido") el 9 de mayo de 2025. En la *Resolución Interlocutoria*, el foro primario declaró no ha lugar a la *Urgente Solicitud de Reconsideración y Solicitud de Determinaciones de Hechos y Conclusiones de Derecho* incoada por la señora Meléndez el 5 de mayo de 2025.

Por los fundamentos que expondremos a continuación, se **deniega la expedición** del auto de *Certiorari.*

-I-

El 11 de abril de 2025, el señor Edwin Piñeiro González (en adelante, el "señor Piñeiro" o "recurrido") se personó a la Sala Municipal de Fajardo para solicitar una orden de protección a favor de su hijo menor al amparo de la Ley Núm. 57-2023, *et seq.* En esa

vista, alegó que la progenitora del menor, la señora Meléndez, y su esposo, el señor William Báez Corsino (en adelante, "señor Báez"), maltrataban al menor. El juez municipal que atendió el caso no expidió la orden de protección pretendida, pero sí citó a las partes a una audiencia el 16 de abril de 2025 y ordenó que el Departamento de la Familia (en adelante, "DF") investigara y preparara un informe de intervención.

El 15 de abril de 2025, el señor Piñeiro presentó ante la Sala Superior de Fajardo una *Solicitud de Orden de Protección y Custodia de Emergencia* al amparo de la Ley Núm. 57-2023, *supra,* que contenía alegaciones similares a la incoada en la Sala Municipal. El foro recurrido procedió a convocar una vista urgente para el 21 de abril de 2025.

En la vista llevada a cabo en la Sala Municipal el 16 de abril de 2025, no se entrevistó al menor y tampoco estaba listo el informe de intervención del DF, por lo cual el tribunal no emitió la orden solicitada y señaló una segunda audiencia para el 20 de mayo de 2025.

En cambio, en la vista celebrada el 21 de abril de 2025, la jueza superior entrevistó en cámara al menor sin la presencia de un trabajador social de la Unidad Social del Poder Judicial o del DF. Esta reunión tuvo una duración aproximada de quince minutos y, cuando la jueza regresó a sala, expresó que había llegado a una determinación. Específicamente, el foro inferior manifestó que:

> [E]l menor **no hizo expresiones negativas sobre sus padres**, al contrario, habló positiv[amente] tanto de la figura materna como paterna. Sin embargo, **el menor hizo expresiones preocupantes en cuanto a la pareja actual de la madre**. Por lo tanto, bajo el concepto de *parens patriae*, le dio credibilidad al menor y es su responsabilidad salvaguardar la seguridad del menor.[1]

---

[1] Apéndice de la peticionaria, anejo V, págs. 25-26. (Énfasis suplido).

Tras la vista, el foro primario pronunció una *Resolución* el 21 de abril de 2025 que posteriormente fue enmendada el 2 de mayo de 2025.[2] Esta dictaminaba lo siguiente:

1. Se paralizan las relaciones maternofiliales en lo que el [DF] realiza la correspondiente investigación.

2. La custodia provisional del menor recae en la Parte Demandante, el Sr. Edwin Piñeiro González, en lo que se culmina la correspondiente investigación por parte del [DF].

3. La madre podrá realizar videollamadas con el menor todos los días, en el horario comprendido desde las 5:00 p.m. hasta las 7:00 p.m.

4. Se [le] prohíbe a las Partes hablar con el menor [sobre el] caso, o hacer expresiones negativas uno del otro. Tales conductas pueden ser consideradas como maltrato, bajo las providencias de la Ley 57-2023, según enmendada, con lo que ello acarrea.

5. Se ordena al [DF] que, en el transcurso de 30 días, contados a partir de la notificación de la presente Resolución, presente un Informe Preliminar de la investigación del caso.

6. Se señala Vista de Status para el martes[,] 20 de mayo de 2025 a las 10:30 a.m., de manera presencial.[3]

Insatisfecha, la señora Meléndez presentó una *Urgente Solicitud de Reconsideración y Solicitud de Determinaciones de Hechos y Conclusiones de Derecho* el 5 de mayo de 2025.[4] En síntesis, la señora Meléndez alegó que se le violó su derecho a un debido proceso de ley al no permitirle presentar prueba u oponerse durante la vista y que la entrevista realizada por la jueza superior era contraria a derecho. El 9 de mayo de 2025, el foro inferior declaró no ha lugar a la solicitud de reconsideración entablada mediante una *Resolución Interlocutoria.*[5]

Inconforme aun, el 6 de junio de 2025, la señora Meléndez acudió ante este Tribunal mediante el recurso de epígrafe, en el cual apuntaló los siguientes errores:

Erró el Tribunal de Primera Instancia[,] Sala Superior de Fajardo[,] al declarar no ha lugar la solicitud de reconsideración y privar de [la] custodia y suspender [las]

---

[2] *Íd.*, anejos III y IV, págs. 22-24.
[3] *Íd.*, pág. 24.
[4] *Íd.*, anejo II, págs. 2-21.
[5] *Íd.*, anejo I, pág. 1.

relaciones [maternofiliales] a la peticionaria, sin brindarle oportunidad de replicar las alegaciones que surgen del escrito del recurrido, las cual[es] son las mismas previamente aquilatadas por la Sala Municipal, sin escuchar el testimonio del recurrido, sin permitirle a la peticionaria contrainterrogarlo, ni presentar prueba a su favor, en clara violación al debido proceso de ley.

Erró el Tribunal de Primera Instancia[,] Sala Superior de Fajardo[,] y abusó de su discreción al reunirse en cámara con el menor, a solas, sin madre o padre custodio; sin trabajador social de la Unidad Social del Poder Judicial o del [DF] y sin referir el caso ante la Unidad Social en aras de que realizara una investigación preliminar, en clara violación al debido proceso de ley y al Artículo 38 de la Ley 57-2023.

[Erró] el Tribunal de Primera Instancia[,] Sala Superior de Fajardo[,] [al] no remitir el asunto a la sala especializada y con competencia para dichos casos, en clara violación al debido proceso de ley y al Artículo 26 de la Ley 57-2023.

Por su parte, el 13 de junio de 2025, el señor Piñeiro acudió ante nos y presentó su *Moción en Cumplimiento de Orden y en Oposición a Expedición de Certiorari*.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra*, pág. 847.

En específico, la Regla 52.1 de las de Procedimiento Civil dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia,

> solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

32 LPRA Ap. V, R. 52.1.

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de las de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari,* como sigue:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor solo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra*,* pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el presente caso, la peticionaria argumentó que el foro primario incidió al denegar la moción de reconsideración de la *Resolución* por haber esta violentado su derecho a un debido proceso de ley. En síntesis, alegó que no procede el removerle la custodia y las relaciones maternofiliales con el menor sin permitirle presentar prueba a su favor, sin el testimonio del señor Piñeiro, sin contrainterrogar al recurrido y al entrevistar al menor en cámara sin la presencia de un trabajador social. Además, arguyó que el foro recurrido se equivocó al no remitir el caso a la sala especializada correspondiente.

Por otro lado, el señor Piñeiro se opuso a los planteamientos de la señora Meléndez. Argumentó que las acciones del foro recurrido estaban justificadas por el ordenamiento, debido a que existía una situación peligrosa que vulneraba el interés óptimo del menor. Asimismo, destacó que la medida tomada por el foro recurrido es una temporera y conservadora que tenía como objetivo garantizar la seguridad del menor mientras que el DF lleva a cabo la debida investigación.

Tras examinar con detenimiento los autos de epígrafe, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario. Ello pese a que el caso versa sobre una controversia de relaciones de familia. Al revisar el expediente, prestando particular atención a la *Resolución* recurrida, podemos observar que hay una investigación que una agencia administrativa especializada lleva a cabo hasta el presente. Es decir, no hay certeza sobre los hallazgos del DF porque este aún no ha sometido el referido Informe Preliminar, según ordenado por el foro primario. Esto supone que nuestra intervención con la decisión pronunciada sería temprana y se daría en un contexto de incertidumbre.

De igual forma, es menester recalcar que la peticionaria tendrá la oportunidad de defenderse y presentar prueba a su favor en etapas más avanzadas del pleito, debido a que la *Resolución* dictaminada **no dispone del caso**. Lo que se celebró aquí fue una **vista de *emergencia*** para evaluar la situación en la cual se encontraba el menor y tomar las medidas de seguridad que el foro recurrido entendía como necesarias para preservar su bienestar y velar por su interés óptimo.

Por tanto, no encontramos que en el presente caso exista una circunstancia tan extrema en la que se haya demostrado que el foro de instancia actuó con prejuicio o parcialidad, un claro abuso de

discreción o cualquier otro error en la aplicación del derecho procesal o sustantivo que amerite nuestra intervención inmediata, antes de que se resuelva finalmente el asunto de custodia. Cabe recalcar que la decisión recurrida es temporera, mientras el DF termina su informe, y que tiene como base el mejor interés del menor.

Por último, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. En fin, no encontramos razones para expedir el auto y revisar la resolución recurrida.

**-IV-**

Por los fundamentos expuestos, se **deniega expedir** el auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones